IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| VINCENT BROOKS, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.: 1:09-CR-40 (WLS) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed June 10, 2015. (Doc. 124.) Therein, Judge Langstaff recommends denying Petitioner Vincent Brooks' Petition for Habeas Corpus (Doc. 120). (*See* Doc. 124 at 10.) Judge Langstaff's Recommendation and 28 U.S.C. § 636 provided Brooks with fourteen days to file an objection. (*See id.*.) The deadline to file an objection expired on June 24, 2015. Brooks did not file an objection. (*See generally* Docket.)

Brooks asserts that he is entitled to habeas relief because (1) his attorney permitted him to believe that the Government was obligated to inform the Court of the extent of Brooks' cooperation and told Brooks that he had to plead guilty to benefit from his cooperation; (2) neither Brooks' counsel nor the Court informed Brooks that he was waiving his appeal rights; (3) Brooks' attorney failed to object because the Court did not allow Brooks to inform the Court of the extent of his cooperation; and (4) Brooks' attorney failed to object to the Government's alleged breach of the plea agreement. (*See* Doc. 120.)

The portions of the sentencing transcript quoted by Judge Langstaff in his Recommendation make clear that Brooks' counsel informed Brooks that he had to waive his right to appeal, except in limited circumstances, and that the Court further explained the scope of the appeal waiver contemplated by the plea agreement. Brooks specifically acknowledged to the Court that he understood the waiver of his right to appeal and the scope of such waiver.

1

Further, the referenced transcript portions demonstrate that the Court knew of Brooks' desire to inform the Court of the extent of his cooperation. The Court informed Brooks, however, that his cooperation could only be considered if the Government filed the appropriate motion. Brooks' plea agreement, which Brooks acknowledged that he reviewed with his attorney, stated that "[Brooks] underst[ood] that the determination as to whether [he] provided 'substantial assistance' rest[ed] solely with the Government." (Doc. 42 at 7.)

Based on the above, the Court finds that the transcript portions quoted in Judge Langstaff's Recommendation refutes Brooks' assertions underlying each of his bases for habeas relief. First, Brooks acknowledged that he understood the waiver of his appeal rights. Second, Brooks stated to the Court his desire to inform the Court of the extent of his cooperation and the Court informed Brooks that doing so would serve no purpose unless and until the Government filed an appropriate motion. Third, Brooks acknowledged to the Court that he reviewed the plea agreement and such agreement specifically stated that the determination of whether to file a substantial assistance motion rested solely with the Government. As such, Brooks was fully informed about the terms of his plea agreement and even if Brooks' counsel objected for any of the above-mentioned reasons forwarded by Brooks, such objection would have been futile. *See United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993) (noting that judicial review of prosecutorial discretion not to file substantial assistance motion is appropriate only "when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion."). Further, based on the circumstances described above, Brooks has not demonstrated that but for his counsel's errors he would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (noting that habeas relief is generally not granted where petitioner fails to allege that "had counsel correctly informed him . . . he would have pleaded not guilty and insisted on going to trial.").

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 124) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated there-

in, together with the reasons stated and conclusions reached herein.  Accordingly, Petitioner Vincent Brooks' Petition for Habeas Corpus (Doc. 120) is **DISMISSED.**

Under Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  And "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  The Court finds that no reasonable jurist would find the Court's procedural ruling debatable.  The Court therefore **DENIES** Petitioner a certificate of appealability.

**SO ORDERED**, this  10th  day of July 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3